IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Payne, ) | |
| ) | Civil Action No. 6:11-1766-DCN-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| CCDC Jailer C.M. Harrison and ) | |
| Charleston County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the *pro se* plaintiff's motion for preliminary injunction (doc. 26). The plaintiff, a pretrial detainee at the Charleston County Detention Center ("CCDC"), alleges in his complaint that the defendants have ordered him to stop preaching and thereby violated his constitutional rights.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff is currently confined at the CCDC following his arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. He alleges that personal property was stolen from him on October 28, 2011. He asks in his motion that the court issue an immediate preliminary injunction requiring the defendants to return his property and "to refrain from repeating this constitutional rape and traversity [sic] again, ever" (motion at 2).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2)

that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The defendants submitted a response supported by the affidavit of Michael Tice, the Captain of Security for the CCDC. Captain Tice avers as follows in his affidavit. At the CCDC, each inmate is supplied with a gray box to store personal items in their cell. The personal items of an inmate in a cell must fit in this gray box. Any excess personal items that do not fit within the gray box are removed from the inmates cell and stored with the inmates personal property. The reason for this policy is to reduce the amount of items stored by an inmate within his cell, which in turn reduces safety risks within the detention center. An inmate may make a request to view the personal property stored outside his cell. When this request is made, the inmate is brought his personal property and allowed to either review it and give it back to the detention officers or swap it out for items in his gray box. However, all items kept by the inmate must be able to be stored within the gray box (Tice aff. ¶¶ 5-10 ).

The plaintiff has failed to demonstrate that he is entitled to a preliminary injunction. The CCDC establishes policies and procedures to reduce safety risks within the CCDC. One such policy is a limit on the personal property of an inmate within his cell. If an inmate has personal property that exceed what can be contained in a gray box provided by the CCDC, that property is removed from the inmates cell and stored with the remainder of

the inmate's personal property. An inmate may request to view his excess personal property and make exchanges, so long as the personal property can fit in the provided gray box.

Clearly, granting the plaintiff's motion would cause much more harm to the defendants than to the plaintiff as it would increase safety risks within the CCDC. Additionally, while the plaintiff has made allegations that his property was stolen, which he claims amounts to "Constitutional rape," he has not provided any facts sufficient to show that he is in danger of irreparable harm.  In his four separate lawsuits against the CCDC, the plaintiff has made numerous filings with the court, including several motions for preliminary injunction. Therefore, to the extent the plaintiff is making a constitutional claim for lack of access to the courts, the plaintiff also cannot succeed on that claim.

Based upon the foregoing, the motion (doc. 26) should be denied.

s/Kevin F. McDonald
United States Magistrate Judge

December 27, 2011
Greenville, South Carolina